## ROSWELL DEWEY *versus* DAVID HUMPHREY.

A plea of tender of rent after the day of its falling due, is insufficient ; and after a verdict on such plea in favor of the defendant, the plaintiff is entitled to judgment *non obstante veredicto.*

A rule of court operates prospectively only. — Thus, a motion that the plaintiff take money tendered after the day when it fell due and pay the defendant his costs, was disallowed, no rule of court permitting such course of proceeding having been promulgated.

Where both parties filed exceptions and the plaintiff prevailed upon the defendant's exceptions and waived his own, the defendant was not allowed costs upon the plaintiff's exceptions.

THIS was an action of covenant broken, to recover 54 dollars, rent alleged to be due on an indenture of lease. The defendant pleaded payment of 20 dollars at the time when it fell due, and as to the residue, a tender on a day subsequent to the day of payment mentioned in the lease, but previous to the commencement of the action ; and issue was joined on these two facts. The jury found a verdict for the defendant on both issues. The plaintiff moved that judgment might be rendered for him for damages and costs, notwithstanding the verdict against him, for that the tender made, as alleged in the plea, after the breach of the covenant, constituted no lawful defence to the action. *Strong* J., before whom the action was tried in the Court of Common Pleas, rendered judgment for the plaintiff accordingly, and the defendant thereupon filed his exceptions.

The plaintiff also filed exceptions relating to the issue of payment, but said he should not insist on them, in case the question respecting the tender should be determined in his favor.

The defendant now moved, that if judgment should be *Sept. 20th.* rendered for the plaintiff, the Court would further order, that the plaintiff take no costs and that the defendant recover his costs, inasmuch as the jury had found that the defendant tendered the full amount of the debt and damages before the commencement of the action, and the defendant had brought the money into court at the term of the entry of the action and deposited the same with the clerk, under a written motion, and given notice thereof upon the record.

<div style="margin-left:left">Dewey
*v.*
Humphrey.</div>

*Whiting* and *C. A. Dewey*, for the defendant, contended that this was not a proper case for a judgment *non obstante veredicto*, even if the plea of tender would be bad on demurrer, for it did not appear that if the plaintiff had demurred, the defendant might not have amended, so as to plead a tender at the day when the rent fell due. *Jones, contrà*, cited 2 Dunlap's Pr. 692, but the Court declined hearing him argue this point.

The counsel for the defendant admitted that the plea of tender was not sufficient, according to the law of England, but they said it had been held in Connecticut, that a tender of money after it became due and before action brought, was a bar to the action, and they hoped that the same doctrine, being founded in reason and good sense, and being according to the general understanding in the commonwealth, would be adopted by this Court. *Tracy* v. *Strong*, 2 Connect. R. 659 ; *Giles* v. *Hartis*, 1 Ld. Raym. 254 ; *City Bank* v. *Cutter*, 3 Pick. 414.

<div style="margin-left:left">*Sept.* 21*st.*</div>

But *per Curiam.* It is clear that by the English authorities this offer to pay is not pleadable as a tender, and we know of no law of Massachusetts contrary to the common law on this subject. *City Bank* v. *Cutter*, 3 Pick. 414 ;[1] *Suffolk Bank* v. *Worcester Bank, ante, p.* 106.

A motion has been made that the plaintiff take the money tendered, and that the defendant recover his costs. Supposing that the Court have power to establish a rule similar to that of the Court of Common Pleas in England allowing this course of proceeding, yet, as no such rule has been made and promulgated here, the motion cannot prevail. Judgment must therefore be rendered against the defendant for 35 dollars and 50 cents, and costs of suit.

*Whiting* asked for costs upon the plaintiff's bill of exceptions, alleging that the plaintiff had failed to support them ; *Framingham Manuf. Co.* v. *Barnard*, 2 Pick. 532 ; but the claim was disallowed.

<div style="text-align:right">*Judgment of C. C. P. affirmed.*</div>

---

*Ante*, 108, n. 1 ; 3 Pick. (2d ed.) 418, n. 1 ; Revised Stat. *c.* 100, § 14.